Mr. Chief Justice Bingham
delivered the opinion of the Court:
This suit was commenced by the plaintiff by virtue of “An Act to provide for protecting the interests of the United States in the Potomac River Flats in the District of Columbia,” approved August 15, 1886. In the bill the complainant gives the boundaries of the land and water affected bjr the improvement of the Potomac River and its flats in charge of the Secretary of War, in pursuance of a former act of Congress, and appends a map showing such boundaries, praying that the defendants may be cited to appear, etc., and that the Court will proceed to determine, in the manner provided by said act of Congress, the title to all the land and water included within the metes and bounds set out in paragraph 3 of the bill.
The defendant, Arsenins I. Harvey,, has, by his answer and amended answer under oath, as he claims, shown that he is the owner of a certain portion of the land and water described in the bill.
It appears that after the filing of this answer the complainant proceeded to take testimony in the case as to the claim of Harvey by his answer, and tending to show that the portion of the land claimed by this defendant in his answer was included within the limits of the plan of improvement of the Potomac River and its flats in charge of the Secretary of War, and according to the plan of improvements now in progress, but also tending to prove that said land has not been entered upon and no work has been done in the progress of such improvements within the limits of the land claimed by defendant in his said answer.
The United States offered no testimony tending to show that it is now or has been in possession of said land claimed by Harvey. And thereafter, on the-day of May, 1887, the complainant gave notice that its case as against the defendant, Harvey, was closed.
Thereupon the defendant, Harvey, “ moved the Court to *94 enter a decree herein that there exists in this defendant a right, title and interest in the land and water, as claimed by this defendant in his answer herein, adverse to the complete and paramount right of the United States in the same, and that the United States hath not, in and by the proceedings herein, shown any right to the same.”
The presiding justice in the Special Term in Equity certified this cause to the General Term to be heard in the first instance upon this motion.
The reasons urged by defendant, Harvey, in support of this motion are quite formally set forth therein.
They are, in substance, that the United States, having failed to prove title to the premises claimed by Harvey, and having failed to disprove the title claimed by him in his answer, he is entitled to the decree prayed for in his motion.
In other words, the motion assumes that in this condition of the proceedings the burden of proof is on the complainant to show that the defendant has no interest or estate in the premises which he claims.
In an ordinary equity suit in such a state of case the defendant would be entitled to a dismissal of the bill, but would not be entitled to a decree granting the affirmative relief prayed for in his answer, provided the complainant had filed a replication denying the facts upon which the defendant’s prayer for relief was predicated.
The defendant would have to furnish satisfactory evidence of the truth of the allegations of his answer.
But can such a rule be applied to this case in view of the provisions of the act of Congress authorizing this suit to be commenced?'
The original act authorizing the improvement of the Potomac River Flats contained no reference to the title of the land and water in the District to be improved. From the provisions of that act it is manifest that Congress assumed that the title to all this land and water was paramount in the United States.
*95 The Act of August 15, 1886, may well be regarded as supplementary to the original act; and from its provisions it is manifest that claims of private parties to title to some portion of these flats had been interposed; and hence Congress authorized the United States to institute this action, making parties defendant thereto “ all persons and corporations known to set up or assert any claim or right to or in the land or water in said first section mentioned, and against all other persons and corporations who may claim to have any such right, title or interest.”
Provision is made in the second section of the act for service by process on all defendants within the jurisdiction of the Court and by publication, citing “all persons and corporations interested in the subject matter of said suit, or in the land or water in this act mentioned, to appear, at a day named in such notice, in said Court, to answer the said bill and set forth and maintain any right, title, interest or claim that any person or corporation may have in the premises.”
It will be noticed that defendants are not merely called to answer, setting forth any defense they may have as in the ordinary case in equity, but specifically they are required to set forth and maintain any right, etc.
Section 3 of said Act of August 15, 1886, is as follows:
“ Sec. 3. That the said cause shall proceed with all practicable expedition to a final determination by said Court of all rights drawn in question therein; and the said Court shall have full power and jurisdiction by its decree to determine every question of right, title, interest or claim arising in the premises, and to vacate, annul, set aside or confirm any claim of any character arising or set forth in the premises; and its decree shall be final and conclusive upon all persons and corporations, parties to the suit, or who shall fail, after public notice as hereinbefore in this act provided, to appear in said Court and litigate his, her or its claim, and they shall be deemed .forever barred from setting up *96 or maintaining any right, title, interest or claim in the premises.”
Section 4 of the act is as follows:
“Sec. 4. That if on the final hearing of said cause the said Supreme Court of the District of Columbia shall be of opinion that there exists any right, title or interest in the land or water in this act mentioned in any person or corporation adverse to the complete and paramount right of the United States, the said Court shall forthwith and in a summary way proceed to ascertain the value of any such right, title, interest or claim, exclusive of the value of any inprovement to the property covered by such right, title or interest made by or under the authority of the United States, and report thereof shall be made to Congress.”
From these provisions of the act of Congress we think it clear that the purpose of enactment was to require those who claimed title to any portion of the land or water described therein not only to appear "and answer, setting forth their title, but to maintain by evidence the claims so made. It may well be presumed that the Government was ignorant of .the nature and character of these claims to title, and as to many of them might not be able to ascertain from the records upon what they were founded. It is apparent that' these lands were required for public use. If, under section 3, this Court shall determine that any claimant has “any right, title or interest in the land or water in this act mentioned * * * adverse to the paramount right of the United States,” the Court by section 4 “shall forthwith and in a summary way proceed to ascertain the value of any such right,” etc.
The object then was to quiet title in the United States as to any unfounded claims to title; and if it should be found by the Court that any defendant had a right to any of this land or water, then to ascertain the value thereof, with a view to the condemnation of the same to public use.
To sustain this motion would be to determine ■ that the *97 United States should pay for property when no proof had been produced to the Court that the claimant was the true owner and had good title to the same, or force the Government to abandon its policy of making the improvement, which manifestly was not intended by Congress. Neither does this construction violate the ordinary rules of evidence or place any unjust burden upon the defendants.
This is not an ordinary equity cause, although the bill is in the nature of one in equity. The Government is engaged in a great public improvement, and, having learned that there are parties who claim title or-some estate in the land and water involved by this act, provides that such claimants may assert and establish in a court their title or estate with the view, if they shall do so successfully, to paying-such claimants the full value of such estate or right. There is no injustice nor disregard of the principles of law upon which rules of evidence are founded in requiring these defendants, under the special circumstances shown to exist, to prove the title which they may claim and set forth in their answer.

The motion is overruled and cause remanded to the Special Term in Equity for further proceedings.